# EXHIBIT H

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DEMODULATION, INC.,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

1:11-cv-00236-TCW

### Certification of Mr. Anthony Catanese

1. I make this Certification based upon my personal knowledge.

2. In connection with the matter, I was subpoenaed by the Government's counsel Alice S. Jou prior to my deposition.

3. Ms. Jou instructed that I provide my files to her ahead of the date for my deposition.

4. I did as requested.

5. Thereafter, Mr. Gary Hausken returned a CD Rom prepared at his direction entitled "Anthony Catanese Documents" with a Bates range ACAT001-0001 – ACAT001-01539.

6. In the documents and in my subsequent depositions by the Government, I described the activities of Mr. Curtis Birnbach, former President of Hudson Research, Inc., the U.S. Army and interactions with the Defense Minister of Israel and an intelligence operation where detonators and inert munitions were clandestinely removed from Picatinny Arsenal.

7. After the deposition, I recommended that Mr. Hausken speak with Dr. John Hnatio.

8. On February 4, 2016, I contacted Mr. Hausken to request the password to access the documents placed on the CD Rom by the Government.

9. Mr. Hausken responded by email.

10. A copy of the e-mail exchange between myself and Mr. Hausken regarding the electronic copies is attached.

11. On February 4, 2016, I provided a copy of the electronic documents retuned to me by Mr. Hausken directly to Mr. O'Keefe.


_____           2/12/16
Anthony Catanese                                           DATE


### List of Exhibits

1. Government Subpoena for Mr. Catanese to appear
2. Handwritten note provided to Mr. Hausken at the conclusion of deposition
2. E-mail exchange with Mr. Hausken

**H-1**

FORM 6B
SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE DOCUMENTS

# United States Court of Federal Claims

Demodulation, Inc.

*vs.*

No.  11-236

*THE UNITED STATES*

## SUBPOENA TO TESTIFY AT A DEPOSITION
## AND TO PRODUCE DOCUMENTS

To:  Anthony Catanese
     724 First Street,
     Mamaroneck, NY 10573

XO *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in the above-captioned case. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
     Attachment A

| Place: U.S. Attorney's Office, Third Floor, 86 Chambers Street, New York, NY 10007 | Date and Time: June 10, 2015, 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: stenograph and/or videotape

O *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents identfied in Attachment B

The provisions of RCFC 45(d), relating to your protection as a person subject to a subpoena, and RCFC 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  4/23/2015

CLERK OF COURT          OR

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

NOTE - If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

192

ACAT001-00063

The name, address, telephone number, and e-mail of the attorney representing (*name of party*) United States of America
_____, w ho issues or requests this subpoena, are:
Alice Suh Jou, 1100 L Street NW, Rm 11134, Washington, DC 20530; (202) 532-4135; alice.s.jou@usdoj.gov
_____

_____

## PROOF OF SERVICE

This subpoena for (*name of individual and title, if any*)_____
was received by me on (*date*)_____.

☐ I personally served the subpoena on the individual at (*place*)_____
_____ o n (*date*)_____; o r

☐ I left the subpoena at the individual's residence or usual place of abode with (*name*)_____
_____, a p erson of suitable age and discretion who resides there,
on (*date*)_____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena on (*name of individual*)_____ who is designated by law to accept
service of process on behalf of (*name of organization*)_____
_____ o n (*date*)_____; o r

☐ I returned the subpoena unexecuted because_____; o r

☐ Other (*specify*):

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness
fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ f or services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____            _____
                                            *Server's signature*

                                   _____
                                            *Printed name and title*

                                   _____
Additional information regarding service, etc:      *Server's address*

_____

RCFC 45.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
(1) ***Avoiding Undue Burden or Expense; Sanctions.*** A party or
attorney responsible for issuing and serving a subpoena must
take reasonable steps to avoid imposing undue burden or
expense on a person subject to the subpoena. The court must
enforce this duty and impose an appropriate sanction—which
may include lost earnings and reasonable attorney's fees—on a
party or attorney who fails to comply.
(2) ***Command to Produce Materials or Permit Inspection.***
(A) ***Appearance Not Required.*** A person commanded to
produce documents, electronically stored information, or
tangible things, or to permit the inspection of premises,
need not appear in person at the place of production or
inspection unless also commanded to appear for a
deposition, hearing, or trial.
(B) ***Objections.*** A person commanded to produce documents
or tangible things or to permit inspection may serve on the
party or attorney designated in the subpoena a written
objection to inspecting, copying, testing or sampling any
or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or
forms requested. The objection must be served before the

193

ACAT001-00064

earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i)  At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

    (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court must quash or modify a subpoena that:

        (i)  fails to allow a reasonable time to comply;

        (ii)  requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);

        (iii)  requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

        (iv)  subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

        (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in RCFC 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)** **Duties in Responding to a Subpoena.**

    **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show

that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of RCFC 26(b)(2)(C). The court may specify conditions for the discovery.

    **(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i)  expressly make the claim; and

        (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

\*  \*  \*  \*  \*

**(g)**  **Contempt.** The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

ACAT001-00065

**Attachment A**

1.  Employment by Hudson Research.

2.  Knowledge of Hudson Research.

3.  Knowledge of and/or relationship with Curtis Birnbach.

4.  Employment by Curtis Birnbach.

5.  Knowledge of and/or relationship with Howard Seguine and/or Cubic Corporation.

6.  Rental of facilities by Hudson Research and/or Curtis Birnbach.

7.  Certain munitions alleged to have been left in the facility rented by Hudson Research and/or Curtis Birnbach.

8.  Activities of Daniel Gutierrez involving certain munitions alleged to have been left in the facility rented by Hudson Research and/or Curtis Birnbach.

9.  Electo-Magnetic Pulse device or devices constructed by or for Hudson Research.

10. Testing of Electo-Magnetic Pulse device or devices constructed by or for Hudson Research.

11. Testing of the PPS-750 (MK I) and MK II devices at Patuxent River Naval Air Station.

12. Knowledge of and/or relationship with James O'Keefe

13. Knowledge of Demodulation, Inc.

14. Knowledge of any device or material provided to Hudson Research by Demodulation.

15. All discussions with James O'Keefe or any other person associated with Demodulation.

**Attachment B**

1.   All documents or electronically stored information provided to Demodulation, Inc., Benjamin D. Light or anyone associated with either.

2.   All documents or electronically stored information relating to the Electo-Magnetic Pulse device or devices constructed by or for Hudson Research.

3.   All documents or electronically stored information relating to the testing of the Electo-Magnetic Pulse device or devices constructed by or for Hudson Research.

4.   All documents or electronically stored information relating to certain munitions alleged to have been left in the facility rented by Hudson Research and/or Curtis Birnbach.

| **Subject:** | Fw: Emailing: CCF05012015 |
| --- | --- |
| **From:** | Anthony Catanese (tcatan99@yahoo.com) |
| **To:** | jamesokeefejr@gmail.com; blight@callagylaw.com; jhnatio@thoughtquest.com; scallagy@aol.com; waking58@yahoo.com; |
| **Date:** | Friday, May 1, 2015 3:08 PM |

Gentleman:

       All the records they are asking for are in the possession of Ben Light and Callagy Law.

 Please advise how you would like to handle this document request.

Tony Catanese

----- **Forwarded Message** -----
**From:** "anthony.catanese@verizon.net" <anthony.catanese@verizon.net>
**To:** Tony Catanese <tcatan99@yahoo.com>
**Sent:** Friday, May 1, 2015 3:03 PM
**Subject:** Emailing: CCF05012015


Your message is ready to be sent with the following file or link attachments:
CCF05012015

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

| | |
|---|---|
| **Subject:** | Re: Document request |
| **From:** | James Okeefe (jamesokeefejr@gmail.com) |
| **To:** | tcatan99@yahoo.com; |
| **Cc:** | scallagy@aol.com; jhnatio@thoughtquest.com; waking58@yahoo.com; blight@callagylaw.com; ssaltman@callagylaw.com; |
| **Date:** | Monday, May 4, 2015 3:25 PM |

I spoke with ben    He said he would get you all the original docs.

Sent from my iPhone

On May 4, 2015, at 7:51 AM, Anthony Catanese <tcatan99@yahoo.com> wrote:

> Gentlemen:
>              As a follow up to my request for the original documents and the file
> presented to Ben Light so they may be presented to the court as required by subpoena I
> need the original's back.
>
> I never made electronic copy's of any of my files and to fulfill the subpoena request I
> have to organize my originals and present them to the court in a timely manner.
>
> In attachment B the court is asking for any and all electronically stored information to be
> submitted. There is none and never was any  made by me. For me to go into that
> deposition with a disc of files not copied by me nor made by me would not be proper.
>
> I trust you understand and await your reply or the delivery of the entire file as presented
> to Callagy Law. If legally I am missing some point that makes the delivery of the file not
> proper I defer to your judgment.
>
> Anthony Catanese

ACAT001-00069

# H-2

✳

Follow The $ AT CALLAGY LAW

INVESTOR George Pussin ADVANCING

BIG Bucks FOR ENTIRE CALLAGY STAFF

ON PERSENTAGE OF PAY OUT.

Reminds me of Mel Brooks "Producers"

ONLY WORKS if IT IS A FLOP.

To me Too MANY errors INSIDE

The FIRM TO Be SIMPLE MISTAKE's.

# 1 TO INTERVIEW IS John HINATO I
Believe He HAS CRITICAL INFORMATION TO Your
UNDERSTANDING OF The TRUTH.